UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
OHLIN BRANCH,

      Petitioner,      **MEMORANDUM AND ORDER**

 -against-          Case No. 11-CV-00227 (FB)

SUPERINTENDENT, Sing Sing Correctional Facility,

      Respondent.
-------------------------------------------------------------x

*Appearances:*
*For the Petitioner:*
CHERYL JOHNS STURM, ESQ.
387 Ring Road
Chadds Ford, PA 19317

*For the Respondent*:
MARIE-CLAUDE PALMIERI WRENN, ESQ.
Kings County District Attorney's Office
350 Jay Street, 20th Floor
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

   Petitioner Ohlin Branch ("Branch") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254"). For the reasons set forth below, Branch's petition is transferred to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.

**I**

   On June 25, 1997 a jury convicted Branch on one count of burglary in the first degree and two counts of robbery in the first degree. As a second violent felony offender, Branch was sentenced to twenty years for burglary and ten years for one of the robbery counts, to run consecutively; Branch was sentenced to a concurrent term of ten years for the second robbery count. Branch appealed, raising claims of insufficiency of the evidence,

prosecutorial misconduct and excessive sentence; the Appellate Division unanimously affirmed his conviction on May 1, 2000. *See People v. Branch*, 714 N.Y.S.2d 681 (N.Y. App. Div. 2000). The New York Court of Appeals denied Branch's request for leave to appeal on August 25, 2000. *See People v. Branch*, 715 N.Y.S.2d 218 (N.Y. 2000). Since then, Branch has filed several motions to vacate his conviction, pursuant to New York Criminal Procedure Law § 440 and a writ of error *coram nobis*, claiming ineffective assistance of counsel and that he was arrested without probable cause. These motions were denied.

On July 9, 2004, Branch filed a petition for a writ of habeas corpus pursuant to § 2254 in the Eastern District of New York. In his petition, he raised claims of insufficiency of evidence and ineffective assistance of trial counsel. On July 19, 2006, in an unpublished opinion, District Judge Raymond Dearie dismissed Branch's petition as untimely and did not grant a certificate of appealability because "any appeal would not be taken in good faith." *See Branch v. Superintendent, Shawangunk Corr. Facility*, No. 04-CV-3150 (E.D.N.Y. 2006).

## II

Branch filed the present petition for a writ of habeas corpus on January 14, 2011, claiming ineffective assistance of trial and appellate counsel and excessive sentence. Respondent contends that Branch's petition is a "second or successive petition," in light of his unsuccessful 2006 habeas petition, and that consequently Branch must seek authorization from the Second Circuit to file this second application.

**A. Judge Dearie's Decision**

Judge Dearie found that Branch failed to file his petition within the one-year

2

statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The one year period runs from the date the judgment of conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). Branch's state conviction became final in November 2000, upon the expiration of the 90 day period for seeking a writ of certiorari from the decision of the New York State Court of Appeals denying leave to appeal. *See Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001). Thus, the limitations period expired in November 2001 and Branch's first petition for a writ of habeas corpus, filed in July 2004, was more than two and one-half years late. Branch concedes that his 2006 petition was untimely, but argues that he was entitled to "equitable tolling" of the limitations period.

Judge Dearie acknowledged that courts may equitably toll the limitations period where the petitioner shows that he exercised "reasonable diligence" during the period he seeks to toll and that, despite this diligence, "extraordinary circumstances prevented him from filing his petition on time." *Smith v. McGinnis*, 208 F.3d 3, 17 (2d Cir. 2000). Branch claimed that he spent eight months of the limitations period waiting for a group called the National Legal Professional Associates of Cincinnati, Ohio to conduct legal research; his mother then hired an attorney to appeal on his behalf. According to Branch, that attorney did not reply to his letters and it was later discovered that an attorney with a similar name had been disbarred in 1999. Judge Dearie concluded that Branch "failed to exercise reasonable diligence throughout the period he seeks to toll" because the evidence Branch submitted did not support his claim that he reasonably believed the attorney was submitting a habeas petition on his behalf, nor did it demonstrate attorney behavior "so

3

outrageous or so incompetent as to render it extraordinary" for the purposes of equitable tolling. *Branch*, No. 04-CV-3150, at 7 (quoting *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003).

**B. Standards Governing a "Second or Successive" Petition**

Under AEDPA, a petitioner must receive the permission of a court of appeals to file a "second or successive" habeas corpus petition in a district court. 28 U.S.C. § 2244(b)(3)(A); *see Torres v. Senkowski*, 316 F. 3d 147, 149 (2d Cir. 2003) ("[T]he authorization requirement [for second or successive habeas petitions] is jurisdictional and therefore cannot be waived."). "A petition is second or successive if a prior petition raising claims regarding the same conviction or sentence has been decided on the merits. . . . Generally, a petition dismissed as time-barred is considered a petition on the merits." *Quezada v. Smith*, 624 F. 3d 514, 517-18 (2d Cir. 2010); *see Murray v. Greiner*, 394 F. 3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions.").

**C. Analysis**

Clearly, Judge Dearie's dismissal of Branch's first petition for a writ of habeas corpus constitutes a final decision "on the merits" within the meaning of Second Circuit case law. Branch contends, however, that the present petition should not be deemed "second or successive" because the dismissal of his 2006 petition as untimely was "erroneous" in light of a recent Supreme Court decision.

4

The Supreme Court held in 2010 that the AEDPA statute of limitations is subject to a rebuttable presumption in favor of equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Branch emphasizes that Judge Dearie wrote in his 2006 opinion that "courts may equitably toll the limitations period only in the 'rare and exceptional circumstance.'" *Branch,* No. 04-CV-3150, at 4 (quoting *Smith*, 208 F. 3d at 17). This distinction renders the dismissal of the 2006 habeas petition "erroneous," Branch argues, because "when a habeas or § 2255 petition is erroneously dismissed on AEDPA limitations period grounds, and another petition is filed that presses the dismissed claims, the subsequently-filed petition is not 'second or successive' if the initial dismissal now appears to be erroneous because the law on which the dismissal was predicated is unarguably no longer good law." *Muniz v. United States*, 236 F. 3d 122, 129 (2d Cir. 2001). The holding of *Muniz*, however, is limited to "serious" and "unusual procedural errors." *See Quezada*, 624 F. 3d at 519 (where petitioner's "first petition is not alleged to have involved any procedural issues remotely comparable to those that led to a mistaken dismissal" in *Muniz*, the pending petition will be considered "successive" under AEDPA).

There are no "serious" or "unusual" errors in the 2006 dismissal of Branch's first petition. The reference to "rare and exceptional" circumstances for equitable tolling is not determinative. Judge Dearie carefully considered whether any "extraordinary circumstances" prevented Branch from filing his habeas petition within the limitations period, and found that there were not; Judge Dearie also found that Branch did not exercise "reasonable diligence" throughout the period he sought to toll. The case law relied upon in that decision is still good law, and Branch does not dispute that the proper standard for

5

equitable tolling remains "reasonable diligence."  Because Branch's first habeas petition was properly decided on the merits, the present petition is a "second or successive" petition within the meaning of AEDPA and it cannot be reconsidered by the District Court.

## III

Accordingly, the Court transfers Branch's petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.  If the Second Circuit authorizes Branch to proceed in this matter, Branch should move to reopen the proceeding under this docket number.  This order closes this case.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 30, 2012