UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x
OHLIN BRANCH,

               Petitioner,

  -against-                       **MEMORANDUM AND ORDER**
                                         11-CV-00227 (FB)
SUPERINTENDENT, FIVE POINTS
CORRECTIONAL FACILITY,

               Respondent.
---------------------------------------------------x

*Appearances:*

| For the Petitioner: | For the Respondent: |
|---|---|
| CHERYL J. STURM, ESQ. | MARIE-CLAUDE P. WRENN, ESQ. |
| 387 Ring Road | Kings County District Attorney's |
| Chadds Ford, PA 19137 | Office |
| | 350 Jay Street, 20th Floor |
| | Brooklyn, NY 11201 |

**BLOCK, Senior District Judge:**

      On January 14, 2011, Ohlin Branch ("Branch") filed a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 30, 2012, the Court transferred Branch's petition to the Second Circuit as a second or successive petition. Branch now moves to vacate that order pursuant to FED. R. CIV. P. 60(b)(5) and 60(b)(6).[1] For the reasons that follow, his motion is denied.

---

[1] Branch also purports to seek relief under Rule 60(d). He does not specify which provision of Rule 60(d) he relies on. Based on his arguments, the Court understands the motion to be made pursuant to Rule 60(d)(1), which allows a court to "entertain an independent action to relieve a party from a judgment, order or proceeding." Because this is not an independent action for relief from judgment, Rule 60(d)(1) is inapplicable. *See Holmes v. Brown*, No. 10-CV-03592, 2014 WL 1653265, at *1 n. 2 (E.D.N.Y. April 24, 2014).

**I.**

On June 25, 2007, a jury convicted Branch of one count of burglary in the first degree and two counts of robbery in the first degree. His conviction was affirmed on appeal. *See People v. Branch*, 714 N.Y.S.2d 681 (2nd Dep't. 2000). On July 9, 2004, Branch filed his first petition for a writ of habeas corpus pursuant to § 2254. Branch conceded that his petition was untimely under the one-year statute of limitations for filing habeas petitions. *See* 28 U.S.C. § 2244(d)(1). Instead, he argued that the Court should equitably toll the limitations period based on his attorney's nonfeasance in preparing his habeas petition. On July 13, 2006, District Judge Raymond Dearie held that Branch was not entitled to equitable tolling and dismissed his petition as untimely.

On January 14, 2011, Branch filed another habeas petition. Citing *Holland v. Florida*, 560 U.S. 631 (2010), Branch argued that Judge Dearie erred in finding equitable tolling inapplicable to his first petition. On January 30, 2012, the Court held that Branch's first petition was properly decided on the merits and transferred his second petition to the Second Circuit as a second or successive petition. On May 29, 2012, the Second Circuit denied Branch's application to file a second petition.

**II.**

Branch moves to vacate the Court's January 30, 2012 order pursuant to Rule 60(b)(5) and 60(b)(6). *See Gonzales v. Crosby*, 545 U.S. 524, 532 (2005) (holding that

2

Rule 60(b) may be used to challenge "some defect in the integrity of the federal habeas proceeding" such as dismissal on statute of limitations grounds). Branch contends that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) establishes that he was entitled to equitable tolling on his first petition. Branch also claims an actual innocence exception for his untimely petition under *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013).

### A. Martinez Claim

In *Martinez*, the Supreme Court held that ineffective assistance of counsel at initial-review state collateral proceedings may excuse a petitioner's procedural default on an ineffective assistance of counsel claim in a federal habeas proceeding. *Martinez*, 132 S. Ct. at 1315. Branch does not aver that he received ineffective assistance of counsel in state collateral proceedings. Rather, he alleges that his attorney's carelessness prevented him from filing a timely federal habeas petition. As such, his reliance on *Martinez* is misplaced.

Regardless, his *Martinez* claim is untimely. Motions brought under Rule 60(b)(5) and Rule 60(b)(6) "must be made within a reasonable time." FED. R. CIV. P. 60(c)(1). To determine whether a Rule 60(b)(5) or Rule 60(b)(6) motion is brought within a reasonable time, a court must "look at the particular circumstances of each case and balance the interest in finality with the reasons for delay." *Grace v. Leumi Trust Co.*, 443 F.3d 180, 190 n. 8 (2d Cir. 2006) (internal citation and quotations omitted).

Branch filed this motion on June 16, 2014, almost thirty months after the Court transferred his second petition to the Second Circuit and over two years after the Second Circuit denied his application to file a second petition. Courts regularly find such delays to be unreasonable absent sufficient justification. *See, e.g.*, *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2004) (holding that a Rule 60(b) motion made twenty-six months after the entry of the final judgment was unreasonable absent mitigating circumstances); *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995) (ruling that a Rule 60(b) motion made eighteen months after judgment was not made within a reasonable time). Branch provides no justification for his delay. Moreover, he did not file the present motion until over two years after *Martinez* was decided. *See James v. United States*, 603 F. Supp. 2d 472, 479 (E.D.N.Y. 2009) (Rule 60(b) motion made twenty-one months after Supreme Court announced case on which petitioner relied was not made within a reasonable time).

Even if the motion were timely filed, Branch's *Martinez* claim does not meet the requirements of either Rule 60(b)(5) or Rule 60(b)(6). Under Rule 60(b)(5), a party may obtain relief from a court's prior order "if a significant change in either factual conditions or in law renders continued enforcement detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009). "The party seeking relief bears the burden of establishing that changed circumstances warrant relief." *Id.* Branch makes no attempt to demonstrate how continued enforcement of the Court's January 30, 2012

4

order is detrimental to the public interest. As such, Branch has not established grounds for relief under Rule 60(b)(5).

Branch's claim also fails under Rule 60(b)(6). A movant must show "extraordinary circumstances" to obtain relief under Rule 60(b)(6). *Gonzalez*, 545 U.S. at 535. The Supreme Court has cautioned that "[s]uch circumstances will rarely occur in the habeas context." *Id.* Moreover, changes in decisional law – such as *Martinez* – rarely qualify as extraordinary circumstances under Rule 60(b)(6). *See Agostini v. Felton*, 521 U.S. 203, 239 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)."). *Martinez* is not an extraordinary circumstance warranting relief under Rule 60(b)(6). *See Figueroa v. Walsh*, No. 00-CV-1160, 2013 WL 2250208, at *3 (E.D.N.Y. May 22, 2013) ("The *Martinez* decision is not an extraordinary circumstance meriting relief under Rule 60(b)(6)."); *see also Jackson v. Ercole*, No. 09-CV-1054, 2012 WL 5949359, at *4 (W.D.N.Y. Nov. 28, 2012) (holding that *Martinez* was not an extraordinary circumstance justifying relief under Rule 60(b)(6)). Accordingly, his Branch's *Martinez* claim fails under Rule 60(b)(6).

**B. McQuiggin Claim**

A showing of actual innocence can overcome the one-year statute of limitations for filing habeas petitions. *McQuiggin*, 133 S. Ct. at 1928. However, "tenable actual innocence pleas are rare" and a petitioner must "persuade the district court that, in light

of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* In his motion, Branch offers no evidence demonstrating his actual innocence. As such, his *McQuiggin* claim also fails.

## III.

For the foregoing reasons, Branch's motion is denied. As Branch has not made a substantial showing of a denial of his constitutional rights, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 1, 2014